IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:19-cv-00026-RJC-DSC

SYLIVIA SMITH-PHIFER and LANCE PATTERSON,

    Plaintiffs,

v.

CITY OF CHARLOTTE,

    Defendant.

**ORDER**

**THIS MATTER** is before the Court on "Defendant's Motion to Strike Portions of Plaintiffs' Complaint" (document # 4) and the parties' briefs and exhibits.

This Motion was referred to the undersigned on August 14, 2019.

The Court has carefully reviewed the authorities, the record and the parties' arguments. Defendant moves to strike the following portions of Plaintiffs' Complaint:

    a. Paragraphs 21 – 24 which are historical allegations dating back to the "earliest years" of the fire department;

    b. Paragraph 205 which concerns Deputy Chief Gordon's conduct in a prior lawsuit; and

    c. Paragraph 295 which alleges that "The City has been aware of these issues and how to deal with them as a result of prior lawsuits grievances, EEOC Charges, consultant recommendations, City data."

A court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Though generally disfavored, courts have broad discretion in ruling on motions to strike. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); see Brown v. Inst. For Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious

violations. Thus, before a motion to strike will be granted the allegations must be the type envisioned by the rule and prejudicial.") (citations omitted). "The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous." Fender v. Biltmore Forest Country Club, Inc., 2018 WL 1995532, at *1 (W.D.N.C. April 27, 2018) (quoting Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *2-*3 (W.D.N.C. April 8, 2011)).

Applying those legal principles, the Court concludes that the subject allegations are immaterial, impertinent and scandalous. Accordingly, the Motion to Strike is **GRANTED**. Paragraphs 21-24, 205 and 295 are **STRICKEN** from the Complaint.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: August 14, 2019

_____
David S. Cayer
United States Magistrate Judge